```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
CHRISTOPHER TRIKERIOTIS,
                                *
    Appellant,
                                *     CIVIL NO.: WDQ-07-0852
v.
                                *
JUDITH KAUFFMAN,
                                *
    Appellee.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

On February 3, 2006, Christopher Trikeriotis, the Debtor, filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code.  On March 15, 2006, Judith Kauffman, a creditor, filed a complaint to determine the dischargeability of debt.  On February 9, 2007, the Bankruptcy Court found that the debt owed Kauffman was non-dischargeable.  Christopher Trikeriotis appealed the Bankruptcy Court's decision.  For the reasons discussed below, the Bankruptcy Court's order will be affirmed.

I.   Background

The Appellant and the Appellee had been married and were divorced on August 1, 1995.  Their marriage resulted in one child, for whom the Appellant owed child support to Kauffman.

Although the Appellant's statement of facts is replete with chronological inconsistencies and mistakes, the Court has

attempted to discern a coherent chronology of events leading to this appeal.  In 2002, the Appellant filed, in the Circuit Court for Baltimore County: (1) a petition for contempt against Kauffman for her failure to perform under the party's marital settlement agreement; and (2) a complaint, subsequently amended, for visitation and for modification of child support joined by Joyce Trikeriotis, the Debtor's current wife, and Beverly Trikeriotis, the Debtor's mother.  In 2003, the Circuit Court, in a memorandum opinion and order, denied the petition for contempt.  Within a few months, the Circuit Court issued an order that actually increased the child support Christopher Trikeriotis owed; a separate order assessed against Beverly Trikeriotis, Christopher Trikeriotis, and Joyce Trikeriotis the $22,600.45 in attorneys' fees incurred by Kaufmann in defending against the complaint.  In 2004, Joyce and Beverly Trikeriotis settled with Kauffman for $4,000.00 and were released from the Court's order, leaving $18,600.45 still owing.

Upon the Appellant's filing for Bankruptcy, Kauffman sought to ensure recovery of the $18,600.45 by filing her complaint to determine the dischargeability of debt. The Bankruptcy Court found the debt non-dischargeable under 11 U.S.C. § 523(a)(5) and (a)(15).

II.  Analysis

Christopher Trikeriotis appeals the decision on the grounds that: (1) an amendment to § 523 eliminated the Bankruptcy Court's jurisdiction to hear Kauffman's complaint; (2) the payment ordered by the Circuit Court is not of the type that can be found non-dischargeable; and (3) given the release of the others, he does not owe $18,600.45, but instead owes simply his pro-rata share of the $22,600.45 ordered by the Circuit Court.  The Appellee counters that: (1) the Bankruptcy Court could hear the complaint; (2) the debt is non-dischargeable; and (3) the Appellant is not entitled to a pro-rata reduction caused by the settlement of his mother and current wife.

The Appellee's amended complaint to determine dischargeability sought non-dischargeability under: (1) § 523(a)(5); (2) § 523(a)(15); and (3) § 523(a)(6).  The Bankruptcy Court found the debt non-dischargeable under (a)(5) and (a)(15).

The Appellant argues that amendments to § 523 make the complaint to determine dischargeability a "non-suit." Specifically, the Appellant argues that § 523(c)(1) eliminated (a)(15) from the list of causes for which a complaint to determine dischargeability must be filed to except the debt from discharge.  However, the fact that a complaint is not *required* does not prohibit a complaint from being filed.  Indeed, under Federal Rule of Bankruptcy Procedure 4007, "any creditor may file

a complaint to obtain a determination of the dischargeability of any debt . . . other than under § 523(c) . . . at any time." Fed. R. Bankr. P. 4007(a),(b).  Accordingly, the Bankruptcy Court was free to hear the Appellee's complaint.

Next, the Appellant argues that the counsel fees were awarded because the proceeding was "brought without substantial justification" and so the order was entered under Md. Code Ann., Fam. Law § 12-103(b), not § 12-103(a).  Appellant's Br. at 9. The Appellant argues that this distinction means that the award was "not in the nature of support."  *Id*.  The nature of fees is relevant because the Appellant is challenging the Bankruptcy Court's decision that the counsel fees award ordered by the Circuit Court is non-dischargeable because it is a debt:

> (5) for a domestic support obligation; [or]
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

11 U.S.C. § 523(a).

The Appellant's distinction between 12-103(a) and (b) has no effect.  Section 12-103(a) simply states that a court may award either party counsel fees in cases, like this one, in which a person "applies for a decree or modification of a decree concerning the custody, support, or visitation of a child of the parties."  Md. Code Ann., Fam. Law § 12-103(a).  Section 12-

4

103(b) simply sets forth specific factors (financial status, needs of each party, etc.) that a court should consider in making the determination that subsection (a) authorizes the court to make.  Md. Code Ann., Fam. Law § 12-103(b).  The Circuit Court awarded the counsel fees to Kaufmann because she incurred them in defending against the Trikeriotis's motion, which sought modification of the Appellant's required child support payments and visitation privileges.  Accordingly, the Court finds no error in the Bankruptcy Court's decision that the counsel fees award is non-dischargeable under (a)(5) and (a)(15).

The Appellant argues that the release of his mother and current wife from the obligation to pay the counsel fees entitles him to a pro-rata (2/3) reduction in the amount owed (rather than a reduction equal to the amount paid by the settling parties).  The Appellant cites law on joint tort-feasors without explaining why that law is applicable in this situation.  The Court need not make that determination, however, as the Appellant is not entitled to a pro-rata reduction even under the law cited.  Under Maryland law

> A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides, but *it reduces the claim against the other tort-feasors in the amount of the consideration paid for the release* or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid.

Md. Code. Ann., Cts. & Jud. Proc. § 3-1404 (emphasis added).

Thus, the default is a reduction equal to the amount paid by the settling parties and any deviation must be specifically stated in the release.  The Appellant has provided no evidence or argument that the release of Joyce and Beverly Trikeriotis contained any statement regarding its effect on him.  The Appellant cites no other law and provides no other support for his pro-rata argument.  Accordingly, the Court finds no error in the Bankruptcy Court's determination that Christopher Trikeriotis remains liable for the outstanding counsel fees, amounting to $18,600.45.

III. Conclusion

    For the reasons discussed above, the Court affirms the decision of the Bankruptcy Court.


<u>August 2, 2007</u>                              <u>         /s/                  </u>
Date                                   William D. Quarles, Jr.
                                       United States District Judge